Leslie T. Gladstone (SBN 144615)
Geraldine A. Valdez (SBN 174305)
FINANCIAL LAW GROUP
401 Via Del Norte
La Jolla, California 92037
Telephone: 858.454.9887
Facsimile: 858.454.9596

Attorneys for Chapter 7 Trustee
Leslie T. Gladstone

UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 10-04872-LT7 |
| LAMIA THOMAS BEGZADEH, | Adv. Proc. No.: |
| Debtor. | Chapter 7 |
| | **COMPLAINT FOR** |
| LESLIE T. GLADSTONE, | **(1) TURNOVER OF PROPERTY OF THE ESTATE;** |
| Plaintiff, | **(2) DECLARATORY RELIEF;** |
| v. | **(3) VIOLATION OF AUTOMATIC STAY** |
| | **(4) INJUNCTIVE RELIEF.** |
| RAMIEL BEGZADEH; PATRICK HOSEY; HOSEY & BAHRAMBEYGUI; KAKO SAKO, FRANK SAKO, FERAS SAKO, ALLEN SAKO, AMFUEL MANAGEMENT, FILLCO PETROLEUM, L.P., SABE PROPERTIES, L.P., WELLS CASH MANAGEMENT, L.L.C.; BRET HAMELIN, | **[11 U.S.C. §542; Fed. R. Bankr. P. 7065; Fed. R. Civ. P. 65; 11 U.S.C. §362]** |
| | Date:  None set<br>Time:  None set<br>Dept.  Three<br>Judge: Honorable Laura S. Taylor |
| Defendants. | |

Plaintiff LESLIE T. GLADSTONE, Trustee ("Trustee"), alleges as follows:

**<u>PARTIES</u>**

1. The Trustee is the duly-appointed and qualified Trustee in the above-captioned case under chapter 7 of Title 11, United States Code.

2. The Trustee is informed and believes and thereon alleges that Debtor Lamia Thomas Begzadeh ("Debtor") is an individual residing in the County of San Diego, California.

3. The Trustee is informed and believes and thereon alleges that Defendant Ramiel Begzadeh ("Ramiel") is an individual residing in the County of San Diego, California.

4. The Trustee is informed and believes and thereon alleges that Ramiel is the former spouse of the Debtor and was the Plaintiff in AAA Arbitration Case No. 73 180 Y 32756 08 GLO (the "Arbitration") and San Diego County Superior Court Case No. 37-2010-00103266-CU-CO-CTL (the "2010 State Court Action").

5. The Trustee is informed and believes and thereon alleges that Defendant Patrick Hosey is an attorney, licensed to practice law in the State of California and residing in San Diego County, California, and was counsel of record for Ramiel in the Arbitration and the 2010 State Court Action.

6. The Trustee is informed and believes and thereon alleges that Defendant Hosey & Bahrambeygui is a law firm of unknown corporate form with its principal place of business in the County of San Diego, California, and was the law firm of record for Ramiel in the Arbitration and the 2010 State Court Action.

7. The Trustee is informed and believes and thereon alleges that Defendants Kako Sako, Frank Sako, Feras Sako, Allen Sako, Amfuel Management, Fillco Petroleum, L.P., Sabe Properties, L.P., Wells Cash Management, L.L.C. were defendants in the AAA Arbitration and in the 2010 State Court Action.

8. The Trustee is informed and believes and thereon alleges that Defendants Kako Sako, Frank Sako, Feras Sako, Allen Sako, (collectively, the "Sako Defendants"), are individuals residing in the County of San Diego, California.

9. The Trustee is informed and believes and thereon alleges that Defendant Amfuel Management, Inc., ("Amfuel"), is a duly-organized California corporation, headquartered in El Cajon, California and doing business in the county of San Diego, California.

10. The Trustee is informed and believes and thereon alleges that Defendants Fillco Petroleum, L.P., ("Fillco"), and Sabe Properties, L.P., ("Sabe"), are duly-organized California limited partnerships, headquartered in El Cajon, California and doing business in the County of San Diego, California.

In re:Lamia Begzadeh, Bkr. Case No.: 10-04872-LT7/ Adv. Proc. No. _____

2

11. The Trustee is informed and believes and thereon alleges that Defendant Wells Cash Management, L.L.C., ("Wells"), is a duly-organized California limited liability corporation, headquartered in El Cajon, California and doing business in the county of San Diego, California. (Amfuel, Fillco, Sabe, and Wells are collectively referred to as the "Corporate Defendants").

12. The Trustee is informed and believes and thereon alleges that Defendant Bret Hamelin is an attorney, licensed to practice law in the State of California and residing in San Diego County, California, and was counsel of record for the Sako Defendants and the Corporate Defendants in the AAA Arbitration and the 2010 State Court Action.

## JURISDICTION

13. Jurisdiction of the United States District Court for the Southern District of California over the above-captioned adversary proceeding is founded on Title 28, §§1334(b) and (d), United States Code, in that this action arises in or is related to the above-captioned case under Chapter 7 of Title 11, United States Code. This proceeding is a "core proceeding," which may be referred to the United States Bankruptcy Court pursuant to title 28, §157(b)(2), United States Code, in that it is a proceeding to preserve and recover property that the Trustee is informed and believes is property of the bankruptcy estate within the meaning of 28 U.S.C. §§157(b)(2)(A), (E), and (O). This action has been so referred by operation of General Order 312-D of the United States District Court, Southern District of California.

## VENUE

14. Venue of this action is proper under Title 28, Section 1409, United States Code, in that this action arises in or relates to the above-captioned case under Chapter 7 of Title 11, United States Code, which case is now pending in the Southern District of California.

## GENERAL ALLEGATIONS

15. The Trustee is informed and believes and thereon alleges that Ramiel and the Sako Defendants operated and controlled certain businesses, including a gas station and convenience store in Calexico, which they indirectly owned through the Corporate Defendants. The Sako Defendants, together with Ramiel, constituted the sole directors, officers, and shareholders of the Corporate Defendants.

In re:Lamia Begzadeh, Bkr. Case No.: 10-04872-LT7/ Adv. Proc. No. _____

3

16. The Trustee is informed and believes and thereon alleges that, on or about September 8, 2004, Ramiel commenced an action against the Sako Defendants and the Corporate Defendants in San Diego County Superior Court, Case No. GIC835426 entitled *Begzadeh v. Amfuel Management, Inc., et al.* (the "2004 State Court Action").

17. The Trustee is informed and believes and thereon alleges that the complaint in the 2004 State Court Action alleged causes of action for (1) Declaratory Relief; (2) Inspection of Records; (3) Appointment of Provisional Director; and (4) Injunction.

18. The Trustee is informed and believes and thereon alleges that Ramiel alleged in the 2004 State Court Action that the Sako Defendants refused to cooperate with him in operating the Corporate Defendants.

19. The Trustee is informed and believes and thereon alleges that Ramiel alleged in the 2004 State Court Action that the Sako Defendants instead asserted exclusive control over the Corporate Defendants, excluded him from their operations, diverted business funds, and used the business assets for their own personal and business purposes.

20. The Trustee is informed and believes and thereon alleges that, in or about August 2005, Ramiel, on the one hand, and the Sako Defendants and the Corporate Defendants, on the other hand, entered into a settlement to resolve the claims alleged in the 2004 State Action (the "2005 Settlement").

21. The Trustee is informed and believes and thereon alleges that, on March 7, 2007, the Debtor commenced a dissolution proceeding against Ramiel in San Diego County Family Court, East County Division entitled *Lamia Begzadeh v. Ramiel Begzadeh,* Case No. ED 70212 CKG (the "Divorce Proceeding").

22. The Trustee is informed and believes and thereon alleges that on or about March 17, 2009, Ramiel commenced the AAA Arbitration against the Sako Defendants and the Corporate Defendants by the filing of a complaint alleging causes of action for breach of the 2005 Settlement, Open Book Account, Breach of Fiduciary Duties, Fraud, and False Promise.

In re:Lamia Begzadeh, Bkr. Case No.: 10-04872-LT7/ Adv. Proc. No. _____

4

23. The Trustee is informed and believes and thereon alleges that, on June 29, 2009, a Judgment of Dissolution was entered in the Divorce Proceeding. At the time of the dissolution, the marital property had not been divided.

24. On or about March 26, 2010, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in the above court, commencing Bkr. Case No. 10-04872-LT7 entitled *In re Lamia Thomas Begzadeh*. On her Schedule B, Personal Property, the Debtor scheduled, among other things, the following community property interest:

> Community property interest: Debtor's marriage to Ramiel Begzadeh resulted in divorce on Jan. 17, 2008. While the dissolution judgment has been entered, community property has not been divided.
>
> Debtor's ex-husband, Ramiel Begzadeh owns 50 percent of Sabe properties LP, which owns Philco Petroleum, LP. Sabe Properties, LP owns a small shopping center and gas station in Calexico, CA, with a 3.6 million dollar mortgage to Neighborhood National Bank.
>
> Ramiel Begzadeh also has a 50 percent interest in Philco, LP, which operates a gas station and convenience store on the Calexico property. A lawsuit between Ramiel Begzadeh and the other owners of Sabe Properties, LP and Philco, LP is pending. Debtor's community interest, based upon the outcome of the lawsuit, is also pending.

25. The Trustee is informed and believes and thereon alleges that on or about October 28, 2010, Ramiel commenced the 2010 State Court Action. The Complaint in the 2010 State Court Action (the "2010 Complaint") practically mirrored the AAA Complaint, alleging causes of action for breach of the 2005 Settlement, Breach of Promissory Note, Breach of Fiduciary Duties, Accounting, Declaratory Relief for Dissolution, Injunctive Relief, and Appointment of Receiver or Provisional Director.

26. In December 2012, the Trustee learned that Ramiel, on the one hand, and the Sako Defendants and the Corporate Defendants on the other hand, had reached a settlement of the Arbitration and the 2010 State Court Action (the "Settlement").

27. On January 4, 2013, counsel for the Trustee sent a letter to Defendants, by and through their respective counsel Attorneys Hosey and Hamelin, demanding that they turn over the Settlement Proceeds to the bankruptcy estate, and provide the Trustee with a copy of the

Settlement. True and correct copies of the Trustee's demand letters are attached hereto as Exhibit 1.

28. Attorney Hamelin, counsel for the Sako Defendants and the Corporate Defendants, telephoned counsel for the Trustee in response to the demand letter. He advised her that he believed the initial settlement payment was being held by Attorney Hosey and H&B in their client trust account. However, Attorney Hamelin declined to agree to divert future payments of the Settlement Proceeds to the Trustee or provide the Trustee with a copy of the Settlement, absent consent from Ramiel and/or Attorney Hosey or an order from this Court.

29. Neither Ramiel nor Attorney Hosey has responded to Ms. Valdez's demand letter, turned over any of the Settlement Proceeds or provided her with a copy of the Settlement.

30. The Trustee is informed and believes and thereon alleges that, pursuant to the Settlement, the Sako Defendants and the Corporate Defendants agreed to pay to Ramiel an amount of not less than $262,500.00 (the "Settlement Proceeds") in full and final settlement of the claims alleged in the Arbitration and the 2010 State Court Action (the "Settlement").

31. The Trustee is informed and believes and thereon alleges that no division of the marital property in the Divorce Proceeding had been approved by the Family Court as of February 13, 2013.

32. The Trustee is informed and believes and thereon alleges that the claims alleged in the AAA Arbitration and in the 2010 State Court Action arose in or about 2005, prior to the dissolution of the marriage of Ramiel and the Debtor, and prior to the division of the marital property.

33. The Trustee is informed and believes and thereon alleges that the Settlement Proceeds are community property and thus property of the bankruptcy estate.

## FIRST CLAIM FOR RELIEF

### [Turnover of Property of the Estate—11 U.S.C. §542]

[Against All Defendants]

34. The Trustee realleges and incorporates by reference herein paragraphs 1 through 33, inclusive.

In re:Lamia Begzadeh, Bkr. Case No.: 10-04872-LT7/ Adv. Proc. No. _____

6

35. The Trustee is informed and believes and thereupon alleges that Ramiel, Attorney Hosey and/or H&B have a portion of the Settlement Proceeds in their possession, custody or control.

36. The Trustee is informed and believes and thereupon alleges that the Sako Defendants, the Corporate Defendants, and Attorney Hamelin are obligated by the terms of the Settlement to transfer all future installment payments of the Settlement Proceeds to Ramiel, Attorney Hosey and/or H&B.

37. The Trustee is informed and believes and thereupon alleges that the Settlement Proceeds are the Debtor's and Ramiel's community property and are thus property of the estate within the meaning of 11 U.S.C. §541.

38. The Trustee is informed and believes and thereupon alleges that Defendants are required to deliver the Settlement Proceeds to the Trustee in an amount of not less than $262,500.

## SECOND CLAIM FOR RELIEF

### [For Declaratory Relief]

[Against Ramiel, Attorney Hosey & H&B only]

39. The Trustee realleges and incorporates by reference herein paragraphs 1 through 38, inclusive.

40. The Trustee is informed and believes and thereupon alleges that Ramiel, Attorney Hosey, and H&B claim, by virtue of the Settlement, some right, title, estate or interest in the Settlement Proceeds that is adverse to the interest of the Debtor's bankruptcy estate.

41. The Trustee is the trustee of the bankruptcy estate of the Debtor, who was previously the spouse of Ramiel. As such, the Trustee is a person at this time with the right and ability to exercise control over the Settlement Proceeds, which are community property of Ramiel and the Debtor and thus property of the estate. As a result, the Trustee seeks a finding that the estate continues to have an ownership right, estate, title or interest in or to the Settlement Proceeds.

42. The Trustee is informed and believes and thereupon alleges that an actual controversy has arisen and now exists between the Trustee, on the one hand, and Ramiel,

In re:Lamia Begzadeh, Bkr. Case No.: 10-04872-LT7/ Adv. Proc. No. _____

7

...

1  Attorney Hosey, and H&B, on the other hand, regarding ownership of the Settlement Proceeds.

2    43. Specifically, the Trustee is informed and believes and thereupon alleges that the
3  claims that were resolved in the Settlement and the Settlement Proceeds are community property
4  because they arose in or about 2005, prior to the judgment for dissolution or the division of the
5  marital property in the Divorce Proceeding.

6    44. The Trustee is informed and believes and thereupon alleges that the Settlement
7  Proceeds are property of the estate.

8    45. A judicial declaration is necessary and appropriate at this time in order that the
9  Trustee may ascertain the estate's right to recover the Settlement.

10           **THIRD CLAIM FOR RELIEF**

11            **[Injunctive Relief]**

12            [Against All Defendants]

13   46. The Trustee realleges and incorporates by reference herein paragraphs 1 through
14 45, inclusive.

15   47. The Trustee is informed and believes and thereupon alleges that this estate will
16 suffer irreparable injury if Defendants are not restrained and enjoined by order of this Court from
17 taking any action which has the effect of, or in fact does, result in any of the following:

18     i. Expending, disbursing, transferring, assigning, selling, conveying,
19 devising, pledging, mortgaging, creating a security interest in, encumbering, concealing,
20 disposing of, secreting, or in any other way diverting, using or making unavailable, or in any
21 manner whatsoever dealing in or disposing of the whole or any part of the Settlement Proceeds or
22 any other community property of Ramiel and the Debtor;

23     ii. Modifying, altering, transferring, moving or destroying all or any part of
24 the books and records and any and all electronic data compilations and-or computer-stored,
25 produced, or received information including, but not limited to, computer input data, computer
26 output data, magnetic tapes, computer cards and tapes, computer runs and stored information
27 concerning or relating to the Settlement and the Settlement Proceeds, wherever located;

28 ///

In re:Lamia Begzadeh, Bkr. Case No.: 10-04872-LT7/ Adv. Proc. No. _____

8

   iii. Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Settlement Proceeds;

   iv. Destroying, concealing, transferring, or failing to preserve any document which evidences, reflects, or pertains to the disposition of the Settlement Proceeds.

48. The Trustee is informed and believes and thereupon alleges that this bankruptcy estate has no adequate remedy at law as the acts complained of and the resulting harm cannot be compensated monetarily. If Defendants are not prevented from taking the acts described above, the bankruptcy estate will suffer irreparable damage.

49. The Trustee is informed and believes and thereupon alleges that this injunctive relief is necessary until the Court can make a determination of this action.

50. The Trustee requests injunctive relief preventing Defendants from doing the acts set forth above, pending further order and/or judgment from this Court.

## FOURTH CLAIM FOR RELIEF

**[Willful Violation of the Automatic Stay—11 U.S.C. §362(a)(3) & (k)(1)]**

[Against Ramiel, Attorney Hosey and H&B only]

51. The Trustee realleges and incorporates by reference herein paragraphs 1 through 50, inclusive.

52. The Trustee is informed and believes and thereupon alleges that the Settlement Proceeds are property of the estate.

53. The Trustee is informed and believes and thereupon alleges that Ramiel, Attorney Hosey and H&B are in possession of and are exercising control over the Settlement Proceeds in violation of the automatic stay under 11 U.S.C. §362(a)(3).

54. The Trustee has informed Ramiel, Attorney Hosey and H&B that the Settlement Proceeds are property of the estate.

55. The Trustee has made demand on Ramiel, Attorney Hosey and H&B to turn over the Settlement Proceeds to the estate.

56. Notwithstanding the Trustee's demand, Ramiel, Attorney Hosey and H&B have refused and failed, and continue to refuse and fail to turn over the Settlement Proceeds to the Trustee.

57. The Trustee is informed and believes and thereupon alleges that Ramiel's, Attorney Hosey's and H&B's refusal and failure to turn over the Settlement Proceeds to the estate as requested by the Trustee is willful.

58. The Trustee is informed and believes and thereupon alleges that the estate has been injured by Ramiel's, Attorney Hosey's and H&B's willful violation of the automatic stay in an amount to be proven at trial.

59. The Trustee is informed and believes and thereupon alleges that the Trustee is entitled to an award of actual damages, including attorney's fees and costs, and punitive damages under 11 U.S.C. §363(k)(1) for Ramiel's, Attorney Hosey's and H&B's willful violation of the automatic stay.

## **PRAYER FOR RELIEF**

WHEREFORE, the Trustee prays for judgment against Defendants, as follows:

**As To The First Claim For Relief**

1. For an order requiring Defendants to deliver the Settlement Proceeds to the Trustee and account for the Settlement Proceeds.

**As To The Second Claim For** Relief

1. For a declaration and determination that the Settlement Proceeds are community property of the Debtor and Ramiel.

2. For a declaration and determination that the Settlement Proceeds are property of the estate.

3. For an order compelling Defendants to transfer any and all Settlement Proceeds in their possession, custody or control to the Trustee.

**As To The Third Claim For Relief**

1. That the Court issue a preliminary injunction:

    a.     Directing Defendants, and their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, to transfer (i) any of the Settlement Proceeds in their possession, custody and/or control, **and** (ii) all future installment payments of the Settlement Proceeds to the Trustee for sequestration pending further order or judgment of this Court, **or, alternatively**:

    b.     Directing (i) Ramiel and his respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, to transfer to Attorney Hosey and H&B, any and all Settlement Proceeds in his possession custody and control; **and** (ii) Attorney Hosey, H&B, and Attorney Hamelin, and their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, to freeze the Settlement Proceeds and all future installment payments of the Settlement Proceeds in their respective client trust accounts pending further order or judgment of this Court.

2.     Enjoining Defendants and their respective agents, servants, employees, partners, representatives, independent contractors, lessees, assigns, attorneys and all other persons in active concert and/or participation with any of them, from doing, directly or indirectly, any of the following:

    a.     Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in, encumbering, concealing, disposing of, secreting, or in any other way diverting, using or making unavailable, or in any manner whatsoever dealing in or disposing of the whole or any part of the Settlement Proceeds;

    b.     Modifying, altering, transferring, moving or destroying all or any part of the books and records and any and all electronic data compilations and-or computer-stored, produced, or received information including, but not limited to, computer input data, computer output data, magnetic tapes, computer cards and tapes, computer runs and stored information concerning or relating to the Settlement Proceeds;

        c.       Doing any act which will, or which will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Settlement Proceeds;

        d.       Destroying, concealing, transferring, or failing to preserve any document which evidences, reflects, or pertains to Defendants' disposition of the Settlement Proceeds.

**On The Fourth Claim For Relief**

1. For an order finding Ramiel, Attorney Hosey, and H&B in willful violation of the automatic stay.

2. For actual damages, including but not limited to, attorney's fees and costs in an amount to be proven at trial.

3. For punitive damages.

**On All Claims For Relief**

1. For reasonable attorney's fees incurred in connection with this action, to the extent recoverable;

2. For costs and expenses of suit incurred herein; and

3. For such other relief that this Court deems just and proper.

DATED: February 21, 2013               FINANCIAL LAW GROUP

By:  /s/ Geraldine A. Valdez
      Geraldine A. Valdez
      Attorneys for Leslie T. Gladstone,
      Chapter 7 Trustee